UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60139-CIV-MORENO
MAGISTRATE JUDGE P.A. WHITE

RODERICK MOSS,                         :

          Petitioner,                  :      REPORT RE DISMISSAL
                                              FOR FAILURE TO OBTAIN
v.                                     :   AUTHORIZATION PURSUANT TO
                                              28 U.S.C. §2244(b)(3)
STATE OF FLORIDA,                      :

          Respondents.                 :
_____

          The pro-se petitioner, Roderick Moss, filed a petition for

writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his

convictions for burglary assault, aggravated battery, strong armed

robbery and grand theft in Case No. 91-15752 entered in Broward

County, Florida, for which he was sentenced on October 30, 1992, to

life imprisonment.  This petition is successive. On April 24, 1996,

the habeas corpus statutes were amended.   Included in the new

amendments is a change in 28 U.S.C. §2244, which now reads as

follows:

          (a) No circuit or district judge shall be required
     to entertain an application for a writ of habeas corpus
     to inquire into the detention of a person pursuant to a
     judgment of a court of the United States if it appears
     that the legality of such detention has been determined
     by a judge or court of the United States on a prior
     application for a writ of habeas corpus except as
     provided in section 2255.

          (b)(1) A claim presented in a second or successive
     habeas corpus application under section 2254 that was
     presented in a prior application shall be dismissed.
          (2) A claim presented in a second or successive
     habeas corpus application under section 2254 that was

not presented in a prior application shall be dismissed
unless --
        (A) the application shows that the claim
    relies on a new rule of constitutional law, made
    retroactive to cases on collateral review by the
    Supreme Court, that was previously unavailable;
    or
        (B)(i) the factual predicate for the claim
    could not have been discovered previously through
    the exercise of due diligence; and
        (ii) the facts underlying the claim, if
    proven and viewed in light of the evidence as a
    whole, would be sufficient to establish by clear
    and   convincing   evidence   that,   but   for
    constitutional error, no reasonable factfinder
    would have found the applicant guilty of the
    underlying offense.
        (3)(A) <u>Before a second or successive application
permitted by this section is filed in the district
court, the applicant shall move in the appropriate court
of appeals for an order authorizing the district court
to consider the application</u>.
        (B) A motion in the court of appeals for an order
authorizing the district court to consider a second or
successive application shall be determined by a three-
judge panel of the court of appeals.
        (C) The court of appeals may authorize the filing
of a second or successive application only if it
determines that the application makes a prima facie
showing that the application satisfies the requirements
of this subsection.
        (D) The court of appeals shall grant or deny the
authorization to file a second or successive application
not later than 30 days after the filing of the motion.
        (E) The grant or denial of an authorization by a
court of appeals to file a second or successive
application shall not be appealable and shall not be the
subject of a petition for rehearing or for a writ of
certiorari.
        (4) A district court shall dismiss any claim
presented in a second or successive application that the
court of appeals has authorized to be filed unless the
applicant   shows   that   the   claim   satisfies   the
requirements of this section.

        (c) In a habeas corpus proceeding brought in
behalf of a person in custody pursuant to the judgment
of a State court, a prior judgment of the Supreme Court
of the United States on an appeal or review by a writ of
certiorari at the instance of the prisoner of the
decision of such State court, shall be conclusive as to
all issues of fact or law with respect to an asserted
denial of a Federal right which constitutes ground for
discharge in a habeas corpus proceeding, actually
adjudicated by the Supreme Court therein, unless the
applicant for the writ of habeas corpus shall plead and
the court shall find the existence of a material and
controlling fact which did not appear in the record of

> the proceeding in the Supreme Court and the court shall
> further find that the applicant for the writ of habeas
> corpus could not have caused such fact to appear in such
> record by the exercise of reasonable diligence.
> (Emphasis added.)

The petitioner filed a prior petition for writ of habeas corpus attacking his state convictions in case no. 91-15752. The petition, assigned Case no. 99-6441-Civ-Ferguson was dismissed as time barred on June 29, 2000.[1] The Eleventh Circuit Court of Appeals granted a motion for voluntary dismissal of the appeal on October 10, 2000.

If the petitioner intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The petitioner will be provided with a form to apply for such authorization with this report.

On its face, this successive motion is barred by the one year statute of limitations provided by 28 U.S.C. §2244. Under the circumstances of this case it does not appear that either a direct

---

[1]The Report entered in Case no. 99-6441-Civ-Ferguson incorrectly refers to a judgement of conviction in the underlying state case as 92-10009 and 5-12010CF, however it is clear that the intended conviction that was considered time barred was state case no. 91-15752. The offenses and sentences are the same, and research at the Department of Corrections website reveals that this is the only conviction for which the petitioner is serving a sentence. Further, exhibits filed with the state's order to show cause in case no. 99-6441-Civ-Ferguson also refer to case no. 91-15752.

transfer of the case to the Court of Appeals pursuant to 28 U.S.C.
§1631, or a stay of the present case would be appropriate.  See
generally Guenther v. Holt, 173 F.3d 1328 (11 Cir. 1999).

It is therefore recommended that this case be dismissed.

Objections to this report may be filed with the District Judge
within ten days of receipt of a copy of the report.

Dated this 4ᵗʰ day of February, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Roderick Moss, Pro Se
      DC #640630
      Florida State Prison
      Address of Record